```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

ASHLEY BRAZIL,                    *

    Plaintiff,                *

vs.                               *
                                     CASE NO. 4:17-CV-188 (CDL)

KEMRON ENVIRONMENTAL SERVICES,    *
INC.,
                                *

    Defendant.
                                *

O R D E R

Plaintiff Ashley Brazil, proceeding *pro se*, brings this action against Kemron Environmental Services, Inc. ("Kemron") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.[1] Brazil alleges that she was sexually harassed, was subject to a hostile work environment, and was forced to share portable toilets with male workers while working at Kemron. Compl. 4, ECF No. 1. Kemron has moved to dismiss the action with prejudice arguing that Brazil did not file the action in a timely manner after receiving her right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). As required by Title VII, Brazil timely filed a charge of discrimination with the EEOC. Compl. 6. The EEOC dismissed Brazil's charge and mailed her a right to sue letter

---

[1] Kemron is misidentified in the complaint as Kemron Environmental Company. *See* Def.'s Mot. to Dismiss 1, n.1, ECF No. 8; Compl. 1-2, ECF No. 1.

1

on June 14, 2017. Compl. Ex. 1, Dismissal and Notice of Rights (June 14, 2017), ECF No. 1-1 [hereinafter "Dismissal"]. The right to sue letter advised Brazil that if she wished to pursue the matter further, she must file her lawsuit within 90 days of her receipt of the letter. Dismissal 1-2; 42 U.S.C. § 2000e-5(f)(1). Brazil filed this action on September 14, 2017, 92 days after the EEOC mailed the right to sue letter. *See* Compl. 1 (indicating a file stamp date of September 14, 2017). Brazil's complaint indicates that she received the right to sue letter on June 14, 2017. Compl. 6. But the letter, which Brazil attached to her Complaint, indicates that it was *mailed* by the EEOC on June 14, 2017. Thus, Plaintiff's Complaint is inconsistent as to when she actually received the EEOC right to sue letter. Liberally construing the pleadings in Brazil's favor, as the Court is required to do for a *pro se* party, the Court cannot say that Brazil indisputably received the EEOC right to sue letter on June 14. Instead, it is likely that because the letter was *mailed* on June 14, Brazil actually received it several days later, in which case her claims would be timely. While discovery may reveal otherwise, the Court cannot find at this stage that Brazil's claims are untimely as a matter of law. Therefore, Kemron's motion to dismiss on this ground is denied.

Kemron also moved to dismiss the complaint based on Brazil's failure to serve Kemron within 90 days as required by Federal Rule of Civil Procedure 4(m). The Court entered an order granting Brazil permission to proceed *in forma pauperis* and directing the United States Marshal to effect service. Order, ECF No. 4; Fed. R. Civ. P. 4(c)(3). The clerk issued a form directing the Marshal to mail process to Kemron. *See* USM 285 Process Recipt & Return (Sept. 19, 2017), ECF No. 5. The Marshal mailed process and a waiver of service to Kemron on October 12, 2017. *See* USM 285 Process Receipt and Return (Oct. 12, 2017), ECF No. 6. Kemron apparently did not respond, so the clerk issued a form directing the Marshal to personally serve Kemron. *See* USM 285 Process Receipt & Return (Jan. 3, 2018), ECF No. 7. Brazil has fulfilled all her obligations regarding service, and the Court is currently waiting on the Marshal to either return the USM 285 form executed or to personally serve Kemron. Therefore, Kemron's motion to dismiss on this ground is also denied.[2]

---

[2] Kemron is clearly aware of this lawsuit. Further, not only is Kemron aware of the suit generally, but Kemron seems to also be aware of Brazil's specific allegations, since Kemron referenced Brazil's complaint in its motion to dismiss and argued that her claims should be dismissed on specific statutory grounds. Therefore, Kemron is not prejudiced by any delay in service by the Marshal, particularly given that it could have avoided any such delay by simply acknowledging service.

IT IS SO ORDERED, this 22nd day of March, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA